**IN RE: Fidel H. PAJARILLO, Debtor,**

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

**Fidel H. Pajarillo, Plaintiff-Appellant,**

v.

**SFR Investments Pool 1, LLC; et al., Defendants-Appellees.**

**No. 14-15977**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 22, 2016

Fidel H. Pajarillo, Pro Se, Las Vegas, NV, for Plaintiff-Appellant.

Jacqueline A. Gilbert, Kim Gilbert Ebron, Las Vegas, NV, for Defendant-Appellee SFR Investments Pool 1, LLC.

Chris V. Yergensen, Nevada Association Services, Inc., Pro Se, Las Vegas, NV, for Defendant-Appellee Nevada Association Services, Inc.

Steven T. Loizzi, Jr., Alessi & Koenig, LLC, Rancho Las Brisas Master HOA, Pro Se, Las Vegas, NV, for Defendant-Appellee Rancho Las Brisas Master HOA.

Christopher Jorgensen, Lewis Roca Rothgerber LLP, Las Vegas, NV, for Defendants-Appellees Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., Recontrust Company, N.A., BAC Home Loans Servicing, LP.

U.S. Bank NA, Pro Se, San Diego, CA, for Defendant-Appellee U.S. Bank N.A.

Matthew David Lamb, Ballard Spahr LLP, Washington, DC, Abran Vigil, Ballard Spahr LLP, Las Vegas, NV, for Defendants-Appellees J.P. Morgan Chase

*See* Fed. R. App. P. 34(a)(2).

Bank, N.A., California Reconveyance Company.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Fidel H. Pajarillo appeals pro se from the district court's order dismissing for failure to prosecute his appeal of the bankruptcy court's order dismissing his adversary proceeding. We have jurisdiction under 28 U.S.C. § 158. We review for an abuse of discretion. *In re Fitzsimmons*, 920 F.2d 1468, 1471 (9th Cir. 1990). We vacate and remand.

The district court abused its discretion in dismissing Pajarillo's bankruptcy appeal because it did not explicitly consider alternative sanctions. *See id.* at 1474 ("[U]nless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions."); *In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985) (failure to consider alternative sanctions is an abuse of discretion).

In light of our disposition, we do not consider Pajarillo's other arguments on appeal.

The parties shall bear their own costs on appeal.

The mandate shall issue forthwith.

**VACATED and REMANDED.**